LAW OFFICE OF GARY PORT PC
d/b/a PORT and SAVA
303 Merrick Road, Suite 212
Lynbrook, New York 11563
GARY PORT, ESQ.
(516) 352-2999

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x

ERIC MURDOCK and BRENDA WILLIAMS                Docket # 18 cv 06741

                Plaintiffs                COMPLAINT
                                          And DEMAND FOR TRIAL
                                          By JURY

    -against-

UNITED AIRLINES, INC, and JANE DOE, an unidentified
Employee of the Defendant United Airlines, Inc.

                Defendants
-----------------------------------------------------------------------------x

The Plaintiffs ERIC MURDOCK and BRENDA WILLIAMS, complaining of the Defendants, alleges as follows:

### Introduction and Summary

1. This suit is brought to redress the racial discrimination and wrongful profiling of peaceful African-American passengers by United Airlines. On Friday, July 13, 2018, the Plaintiff were passengers on United Flight 1537 from Las Vegas to Newark. On said flight the Plaintiffs were discriminated against, harassed, and humiliated by one of Defendant's flight attendants, an unidentified woman referred to as "JANE DOE."

2. Plaintiffs were then unjustifiably removed from the flight in front of the other passengers, despite the fact that they posed no security risk and committed no wrongful

acts. Plaintiffs were removed from the flight at the insistence of the Defendant JANE DOE whose unprofessional conduct caused discomfort for the passengers around her. Plaintiffs were not arrested, as they had done nothing illegal.

3. The Plaintiff ERIC MURDOCK ("Murdock"), an African-American man, is a retired National Basketball Association player, who as a point guard played for the Utah Jazz, Milwaukee Bucks, Denver Nuggets, Miami Heat, New Jersey Nets, and the Los Angeles Clippers. He held, until 2002 the NCAA records for most steals, 376, and a Big East Conference record for most points, 435. In his NBA career, Murdock played in 508 games and scored a total of 5,118 points. He is a resident of State of New Jersey.

4. The Plaintiff Brenda Williams ("Williams"), an African-American woman is a resident of New Jersey.

5. Defendant United Airlines, Inc. ("United") is a major American airline headquartered in Chicago, Illinois. Defendant is incorporated in Delaware. It conducts business in New York and is listed on the New York Stock exchange. The Defendant operates at John F. Kennedy Airport, in Queens, New York at terminals 1, 4, 5 and 7, and from LaGuardia Airport, in Queens, New York, at Terminal B.

6. Defendant JANE DOE is a Caucasian unidentified female flight attendant who works for the Defendant United and was working on United Flight 1537 from Las Vegas to Newark on July 13, 2018.

7. This lawsuit challenges the discriminatory and unjustified removal of United States citizens from a United Airlines flight, in violation of the laws of the United States. This case is brought pursuant to 42 U.S.C. § 1981. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

8. This Court has personal jurisdiction over Defendant because Defendant is an airline that regularly does business in Queens County, New York, in the Eastern District of New York.

9. Venue is proper in the Eastern District of New York under 28 U.S.C.§ 1391 because Defendant United does substantial business in this district as it operates out of two airports and five terminals.

## FACTS

10. In July 2018, the Plaintiff Murdock had attended a conference hosted by the National Basketball Retired Players Association in Las Vegas, Nevada.

11. In July 2018, the Plaintiff Williams had attended a conference hosted by her employer in Las Vegas, Nevada.

12. On July 13, 2018, the Plaintiffs Murdock and Williams were ticketed passengers on United Flight 1537 from Las Vegas, Nevada to Newark, New Jersey and were properly seated in the plane. Plaintiffs were strangers to each other and met due to the assignment of adjacent seats.

13. Plaintiff Murdock was assigned seat 15-E and his son was assigned seat 36-H.

14. Prior to take-off Plaintiff Murdock noted that the row behind his seat was empty. This row contained the emergency exit.

15. Plaintiff Murdock asked a female flight attendant, herein after "Jane Roe", if he and his son could sit together in the emergency exit row. Roe assented if no ticketed passenger would be sitting there.

16. Roe did inform Plaintiff Murdock that there was a premium price for the seats, which Plaintiff Murdock offered to pay. Roe informed him that he'd have to pay at the counter outside, but as the cabin door had been closed, that option was rendered impossible.

17. Just prior to take off, a ticketed passenger did appear and had seat in the emergency exit row.

18. The ticketed passenger upon hearing that Plaintiff Murdock, who is over 6 feet tall, and his son wished to sit together in this emergency exit row graciously offered up his seat.

19. Plaintiff Murdock accepted the offer of the other passenger and moved from his center row seat to the emergency exit row. The other passenger moved to another seat. Such move was made with the approval of the unidentified flight attendant, Jane Roe.

20. Shortly before takeoff, Defendant JANE DOE, a flight attendant acting for and as an agent of the Defendant United demanded that Plaintiff Murdock return to his ticketed seat.

21. Defendant JANE DOE stated that the seats in the emergency row carried a premium price. When Plaintiff Murdock requested the price, Doe was unable to tell him. She later told him the price but was unable to tell him how to pay.

22. Defendant JANE DOE was also informed that the ticketed passenger for the emergency row had swapped his seat with Plaintiff Murdock. Defendant JANE DOE refused to be swayed by the fact that the passenger ticketed for the seat voluntarily switched with the Plaintiff Murdock and demanded that he return to his ticketed seat.

23. Defendant JANE DOE also told Plaintiff Murdock that the emergency row had to remain clear and unoccupied.

4

24. During the exchange Defendant JANE DOE was rude and dismissive of Plaintiff Murdock.

25. Plaintiff Murdock ultimately complied and returned to his ticketed seat as did his son.

26. Approximately a half an hour into the flight, a Caucasian female moved into a seat in the emergency exit row.

27. Defendant JANE DOE did not cause the Caucasian female to return to her ticketed seat. Instead, DOE provided beverage service to the female.

28. Plaintiff Murdock then returned to the emergency exit row.

29. Defendant JANE DOE then told Plaintiff Murdock to go back to his seat.

30. Plaintiff Murdock asked Defendant JANE DOE why she had allowed the Caucasian woman to sit in the emergency row, and Defendant JANE DOE told him that it was none of his business.

31. Plaintiff Williams had gone to the rest room when Plaintiff Murdock moved back to the emergency exit row seat and was returning when she observed the Defendant JANE DOE's confrontation with Plaintiff Murdock.

32. Plaintiff Williams concerned about Defendant JANE DOE's aggressive and disrespectful attitude asked Doe as to why she was being rude to Plaintiff Murdock.

33. Defendant JANE DOE aggressively told Plaintiff Williams that it was none of her business.

34. Defendant JANE DOE then began yelling at Plaintiff Williams and accusing Williams of recording Defendant JANE DOE on her cellular telephone.

35. Though Plaintiff Williams was holding her phone she was not recording her.

36. Despite being repeatedly told by Plaintiff Williams that she was not recording her, Defendant JANE DOE demanded, in a very hostile and aggressive manner that Plaintiff Williams surrender the phone.

37. When Plaintiff Williams refused, Defendant JANE DOE extended her arm and leaned into the row about half way across and demanded with a threatening and intimidating voice, "erase the video now, or give me your phone! It's against the law to record me!"

38. The actions of Defendant JANE DOE placed Plaintiff Williams in imminent fear of an unwanted, offensive physical contact.

39. Plaintiff Williams repeatedly told Defendant JANE DOE that there was no recording. Defendant JANE DOE however continued to yell at Plaintiff Williams and made as if to grab the phone.

40. Defendant JANE DOE finally left without taking Plaintiff Williams' phone.

41. Shortly thereafter, Jane Roe returned and asked Plaintiff Murdock if he would consent to return to his seat.

42. While Roe was talking to Plaintiff Murdock, Defendant JANE DOE returned. She leaned over and placing her head within inches of the Plaintiff Murdock and spoke. Plaintiff Murdock told her to get out of his personal space.

43. The actions of Defendant JANE DOE placed Plaintiff Murdock in imminent fear of an unwanted, offensive physical contact.

44. At the request of Jane Roe, Plaintiff Murdock returned to his seat.

45. Shortly thereafter during the beverage service, Defendant JANE DOE in a snide and condescending tone asked Plaintiff Murdock if he wanted a beverage or if he was "going to boycott?"

46. Plaintiff Murdock did not respond to the obvious race baiting but maintained a dignified silence.

47. Neither Plaintiff had any further interaction with Defendant JANE DOE.

48. After the Plaintiff landed at Newark International Airport, the passengers were instructed by the pilot to remain seated do to a security situation.

49. The Plaintiffs were then escorted off the plane first.

50. On this plane were various co-workers of the Plaintiff Williams as well and current and former professional athletes. Further, the Plaintiff Murdock is celebrity athlete and has been the subject of many local news stories in New Jersey.

51. When the Plaintiffs were led off the plane they were met by four armed members of the Transportation Security Administration.

52. After being interviewed by the TSA, the Plaintiffs were not further detained and were allowed to retrieve their luggage and leave the airport.

53. Plaintiff Williams suffered severe personal embarrassment and well as emotional trauma from this event.

54. Plaintiff Murdock suffered severe personal and professional embarrassment from the event.

## FIRST CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND/OR RETENTION OF AN UNFIT EMPLOYEE

55. The Plaintiffs repeat and realleges the proceeding paragraphs as if set forth herein.

56. Plaintiffs are informed and believes and thereon alleges that in doing the acts as heretofore alleged, Defendant, JANE DOE was incompetent and unfit to perform the

duties for which she was employed, and that an undue risk to persons such as plaintiffs would exist because of the employment.

57. Plaintiffs are informed and believes and thereon alleges that in doing the acts as heretofore alleged, Defendant United failed to adequately train and supervise Defendant JANE DOE in the exercise of the tasks of her employment and/or failed to terminate her, thereby proximately causing plaintiffs' injuries as set forth heretofore.

58. Despite this advance knowledge of Defendant JANE DOE's unfitness to perform her duties, Defendant United retained JANE DOE as an employee in conscious disregard of the rights and safety of others.

59. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

60. Defendant United is a Common Carrier. A Common Carrier must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. Defendants breached their duty of care in its actions toward Plaintiff.

61. As a direct and proximate result Defendants actions, plaintiffs suffered mental distress, anguish, personal and professional embarrassment and indignation. Plaintiffs are thereby entitled to general and compensatory damage in an amount no less than ten million dollars.

62. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

## SECOND CAUSE OF ACTION

## ASSAULT AGAINST PLAINTIFF WILLIAMS

63. The Plaintiffs repeat and realleges the proceeding paragraphs as if set forth herein.

64. The Defendant JANE DOE, as an agent and employee of the Defendant United by reaching and attempting to grab the cell phone held by the Plaintiff Williams placed Plaintiff Williams in imminent apprehension and fear of unwanted bodily contact.

65. The actions of the Defendant JANE DOE in reaching and grabbing for the cell phone were intentional and by reaching into the confined space of the airplane demonstrated and will and ability to carry of the threat.

66. At no time did Plaintiff Williams consent to or in any way justify any of the acts of Defendants.

67. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

68. Corporate Defendant is a Common Carrier. A Common Carrier must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical

9

operation of the business. Defendants breached their duty of care in its actions toward Plaintiff Williams.

69. As a direct and proximate result Defendants actions, Plaintiff Williams suffered mental distress, anguish, and indignation. Plaintiff Williams is thereby entitled to general and compensatory damage in an amount no less than $50,000.

70. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff Williams' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

### THIRD CAUSE OF ACTION

### ASSAULT AGAINST PLAINTIFF MURDOCK

71. The Plaintiffs repeat and realleges the proceeding paragraphs as if set forth herein.

72. The Defendant JANE DOE, as an agent and employee of the Defendant United by leaning over and placing her face within inches of the Plaintiff Murdock while engaged in disrespectful language placed Plaintiff Murdock in imminent apprehension and fear of unwanted bodily contact.

73. The actions of the Defendant JANE DOE of leaning over and placing her face within inches of the Plaintiff Murdock while engaged in disrespectful language into the confined space of the airplane demonstrated and will and ability to carry of the threat.

74. At no time did Plaintiff Murdock consent to or in any way justify any of the acts of Defendants.

75. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

76. Defendant United is a Common Carrier. A Common Carrier must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. Defendants breached their duty of care in its actions toward Plaintiff Williams.

77. As a direct and proximate result Defendants actions, Plaintiff Murdock suffered mental distress, anguish, and indignation. Plaintiff Murdock is thereby entitled to general and compensatory damage in an amount no less than $50,000.

78. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff Murdock' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

### FOURTH CAUSE OF ACTION

### NEGLIGENCE

79. Plaintiffs repeat and realleges the preceding and subsequent paragraphs as though set forth herein.

80. Defendants breached their duty of care to Plaintiffs by failing to provide a safe place for its passengers to conduct their travel. As a direct and proximate cause of Defendants' breach of duty, Plaintiffs suffered and continues to suffer shock, humiliation, embarrassment, trepidation, fright, nervousness, grief, anxiety, worry, mortification,

indignity and extreme and enduring emotional distress, all to their damage in an amount to be determined according to proof at trial.

81. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

82. Defendant United is a Common Carrier. A Common Carrier must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. Defendants breached their duty of care in its actions toward Plaintiff.

83. As a direct and proximate result Defendants actions, Plaintiffs suffered mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damage in an amount no less than ten million dollars.

84. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against Defendants in order to punish and make an example of each of them.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiffs repeat and realleges the preceding and subsequent paragraphs as though set forth herein.

86. Defendants engaged in outrageous conduct which was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation. As a direct and proximate cause of Defendants' outrageous conduct, Plaintiff suffered and continues to suffer shock, humiliation, embarrassment, trepidation, fright, nervousness, grief, anxiety, worry, mortification, indignity and extreme and enduring emotional distress, all to their damage in an amount to be determined according to proof at trial.

87. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

88. Defendant United is a Common Carrier. A Common Carrier must carry passengers safely. Common carriers must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers. While a common carrier does not guarantee the safety of its passengers, it must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business. Defendants breached their duty of care in its actions toward Plaintiff.

89. As a direct and proximate result Defendants outrageous actions, Plaintiffs suffered mental distress, anguish, and indignation. Plaintiffs are thereby entitled to general and compensatory damage in an amount no less than ten million dollars.

90. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## SIXTH CAUSE OF ACTION

## DISCRIMINATION UNDER 42 U.S.C. § 1981

91. Plaintiff repeat and realleges the preceding and subsequent paragraphs as though set forth herein.

92. At all times relevant to the events described above, Defendant JANE DOE on Friday, July 13, 2018 was an employee and/or agent of Defendant United. The discriminatory practices described above were carried out: (a) at the direction of and with the consent, encouragement, knowledge, and ratification of the Defendant United; (b) under the Defendant United's authority, control, and supervision; and/or (c) within the scope of the employee' employment.

93. Defendant United is liable for the actions of its agents and employees directly and under the doctrine of respondeat superior.

94. Defendant JANE DONE and by extension, Defendant United engaged in intentional discrimination based on Plaintiffs' race, color and ancestry, by assaulting Plaintiffs and by their hostile treatment of Plaintiffs on Corporate Defendant's July 13, 2018 flight. In so doing, Defendants discriminated against Plaintiffs in the making and enforcement of their contract with Defendants, namely the ticket they purchased to travel Defendant United's July 13, 2018 flight from Las Vegas, Nevada, to Newark, New Jersey.

95. The foregoing actions by the Defendants thus constitute a deprivation of plaintiffs' right to make and enforce contracts regardless of their race, in violation of 42 U.S.C. § 1981.

96. As a direct, foreseeable, and proximate result of Defendant's discrimination and wrongful acts, Plaintiffs suffered and continues to suffer fear, anxiety, humiliation, mental pain and

anguish, emotional distress, inconvenience, and economic loss. The Plaintiffs were injured on an amount no less than ten million dollars.

97. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT of 1964

98. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

99. The pilot and Defendant JANE DOE on United Airlines United Flight 1537 from Las Vegas to Newark on July 13, 2018, were at all relevant times agents and/or employees of Defendant United and were acting within the course and scope of their employment.

100. Defendant United is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of respondeat superior.

101. Defendant United is the recipient of federal funds and is thus covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). Title VI and its implementing regulations prohibit recipients of federal monies from discriminating on the basis of, *inter alia*, race, color, or national origin.

102. Defendant JANE DOE's actions during the flight to include arranging for the Plaintiffs to be made a public spectacle by having them escorted off of the plane as security risks and to be detained by the TSA were based upon the Plaintiffs race,

15

color, and/or national origin thus discriminated against the Plaintiffs in violation of Title VI and its implementing regulations. Defendants actions were intentional and done in violation of Plaintiffs' civil rights.

103. As a direct, foreseeable, and proximate result of Defendant's discrimination and wrongful acts, Plaintiff suffered and continues to suffer fear, anxiety, humiliation, mental pain and anguish, emotional distress, inconvenience, and economic loss. The Plaintiffs were injured on an amount no less than ten million dollars.

104. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## EIGHTH CAUSE OF ACTION
## FALSE IMPRISONMENT OF THE PLAINTIFFS

105. The pilot and Defendant JANE DOE on United Airlines United Flight 1537 from Las Vegas to Newark on July 13, 2018, were at all relevant times agents and/or employees of Defendant United and were acting within the course and scope of their employment.

106. Defendant United is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of respondeat superior.

107. Defendants intentionally and willfully deprived Plaintiffs of their freedom of movement by removing Plaintiff from United Airlines United Flight 1537 on July 13, 2018, by identifying them as security risks to the plane and other passengers.

108. The Defendants caused the Plaintiffs to be detained by employees of the Defendant and by armed members of the TSA.

109. The restraint, confinement, and detention compelled Plaintiffs to remain in the airport for an appreciable amount of time.

110. Plaintiffs did not knowingly or voluntarily consent to such restraint, confinement, and detainment.

111. Plaintiffs were emotionally harmed by such restraint, confinement, and detainment and embarrassed before the public.

112. Defendant's conduct was a substantial factor in causing Plaintiffs harm. The Plaintiffs were injured on an amount no less than ten million dollars.

113. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## NINTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS UPON THE PLAINTIFFS

114. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

115. Defendant and its employees and agents acted negligently and/or recklessly when they removed Plaintiffs from United Airlines United Flight 1537.

116. Defendant and its employees and agents should have known that their discriminatory treatment and confinement of Plaintiffs would create an unreasonable risk of emotional and physical damages.

117. As a result of Defendant's actions, Plaintiffs have suffered serious emotional distress, including suffering anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame, all of which an ordinary reasonable person would be unable to cope.

118. Defendant's negligence was a substantial factor in causing Plaintiffs' serious emotional distress. The Plaintiffs were injured on an amount no less than ten million dollars.

119. Defendants acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiffs' rights. As such, punitive damages are warranted against defendants in order to punish and make an example of each of them.

## TENTH CAUSE OF ACTION
## BREACH OF CONTRACT

120. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

121. Plaintiff and Defendant entered into a contract of carriage.

122. Plaintiff performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract.

123. Defendant breached the contract by removing the Plaintiffs from United Airlines United Flight 1537 and failing to provide safe transport.

70. As a proximate result of Defendant's breach, Plaintiffs have suffered damages in an amount to be proven at trial.

**Prayer for Relief**

Plaintiffs pray for judgment as follows:

A. For a declaratory judgment that the actions of Defendant described above constituted discrimination on the basis of race in violation of 42 U.S.C. § 1981;

B. Permanently enjoining Defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

C. Awarding Plaintiff their expenses, costs, fees, and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, and any other applicable provision of law;

D. For compensatory damages in an amount not less than ten million dollars;

E. For statutory damages;

F. For punitive damages; and

G. For such other relief as the Court may deem just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: November 27, 2018

                                              Gary Port, Esq.
                                              Port and Sava
                                              Attorneys for the Plaintiffs
                                              303 Merrick Road, Suite 212
                                              Lynbrook, New York 11563
                                              (516) 352-2999
                                              Gary@portandsava.com

## JURY TRIAL DEMANDED

The Plaintiffs hereby demand a trial by jury for all issues for triable.

Dated: November 27, 2018

                                              Gary Port, Esq.
                                              Port and Sava
                                              Attorneys for the Plaintiffs
                                              303 Merrick Road, Suite 212
                                              Lynbrook, New York 11563
                                              (516) 352-2999
                                              Gary@portandsava.com